

Lauren E. Aguiar
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036-6522
(212) 735-3000
Lauren.Aguiar@skadden.com

Harriet S. Posner
Thomas E. Haroldson
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
(213) 687-5000
Harriet.Posner@skadden.com
Thomas.Haroldson@skadden.com

Attorneys for Plaintiff

09 CV 5137

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                           :
BANCO INBURSA, S.A.,                                        :
                                                           :
                        Plaintiff,                         :
                                                           :
            - against –                                    :
                                                           :
CPC GROUP LIMITED and                                      :
KAUPTHING BANK HF,                                         :
                                                           :
                        Defendants.                        :
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

09 Civ. _____

**COMPLAINT**

      1.     Plaintiff Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo

Financiero Inbursa, a Mexican entity ("Inbursa"), by and through its counsel, Skadden, Arps,

Slate, Meagher & Flom LLP, for its Complaint against Defendants CPC Group Limited

("CPC") and Kaupthing Bank HF ("Kaupthing"), alleges upon knowledge with respect to

itself and its own acts and upon information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

2.      This is a straightforward action to enforce the clear terms of an unconditional agreement provided by CPC and Kaupthing in a "Carrying Costs Agreement" dated April 10, 2007 (the "Carrying Costs Agreement").  The Carrying Costs Agreement was provided in connection with a $356,500,000 mortgage loan (the "Loan") for the development of a nearly eight-acre property in downtown Beverly Hills, California.  The borrower under the Loan is a subsidiary of CPC and Kaupthing, known as Project Lotus LLC ("Lotus").  As set forth in more detail below, pursuant to the Carrying Costs Agreement, each of CPC and Kaupthing is unconditionally obligated to pay certain costs associated with the Loan, including interest payments, until the Loan is paid in full or the deed on the Property passes to the lender's representatives by foreclosure or voluntary transfer.

3.      The maturity date of the Loan -- at which time the entire principal amount was due -- was October 9, 2008.  At that time, Lotus defaulted on its payment obligations to Inbursa.  As a result, the Loan has been accruing interest since then at the contractual default rate.  Despite demand for payment of such interest, CPC and Kaupthing have refused to honor their joint and several obligations, and have repudiated their obligations under the Carrying Costs Agreement.

## THE PARTIES

4.      Plaintiff Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa, is a Mexican bank with offices at Paseo de las Palmas 736, Col. Lomas de Chapultepec, México, D.F., México, 11000.

5.     Defendant CPC Group Limited is a company incorporated in Guernsey, one of the British Channel Islands, with offices at Albert House, South Esplanade, St. Peter Port, Guernsey GY1 AJ.

6.     Defendant Kaupthing Bank HF is an Icelandic banking company with offices at Borgarten 19 (IS-105) Reykjavik, Iceland and One Hanover Street, London W1S 1AX, England.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1332 because of complete diversity of citizenship between the parties and because the amount in controversy exceeds the value of $75,000 exclusive of interest and costs.

8.     This Court has personal jurisdiction over defendants CPC and Kaupthing because both have expressly and irrevocably submitted to jurisdiction pursuant to Section 5.15 of the Carrying Costs Agreement, dated April 10, 2007.  (See Ex. A, Carrying Costs Agreement, § 5.15(b).)

## THE LOAN AND THE CARRYING COSTS AGREEMENT

9.     The Loan is governed by a series of contracts and agreements originally executed in 2007.  The Loan Agreement, dated April 10, 2007 (the "Loan Agreement"), is between Lotus, as borrower, and Inbursa's predecessor-in-interest, Column Financial, Inc., as lender.  (Ex. B, Loan Agreement.)  Pursuant to the Loan Agreement and related documents ("Loan Documents"), Lotus obtained a loan of $356,500,000, secured by, among other things, certain real property in Beverly Hills, California, located at 9900 Wilshire Boulevard (the "Property").  The purpose of the Loan was to provide capital to acquire the property and

initiate development of the Property as a mixed-use, ultra-luxury condominium complex. The maturity date of the Loan, initially April 9, 2008, was extended at Lotus's option to October 9, 2008 in accordance with the Loan Agreement.

10.     The Carrying Costs Agreement was executed on April 10, 2007 by CPC and Kaupthing for the benefit of the lender, Inbursa's predecessor in interest.  Under the Carrying Costs Agreement, CPC and Kaupthing assumed the joint and several obligation to pay certain expenses essential to the continued use of the Property as collateral for the Loan, including interest on principal, taxes and insurance.  CPC and Kaupthing clearly understood that their agreement to pay these expenses was a substantial inducement for the lender to enter into the Loan Agreement and that the lender would not have made the loan without CPC's and Kaupthing's commitment to be primarily liable for these expenses.  (Ex. A, second recital.)

11.     The Carrying Costs Agreement is unconditional and absolute.  As provided in the Carrying Costs Agreement, each of CPC and Kaupthing, as Obligated Party,

> . . . irrevocably and unconditionally acknowledges, covenants and agrees that it is obligated to pay to Lender and its successors and assigns, the Covered Obligations as and when the same shall be due and payable, whether by lapse of time, by acceleration of maturity or otherwise.  Obligated Party hereby irrevocably and unconditionally covenants and agrees that it is liable for the Covered Obligations as a primary obligor.

(Ex. A, § 1.1.)

12.     The definition of "Covered Obligations" under the Carrying Costs Agreement indisputably includes any deficiency in payment of the Monthly Debt Service Payment, as that term is defined in the Loan Agreement.  (Ex. A, § 1.2(a); Ex. B, § 2.3.)  The Monthly Debt Service Payment includes any interest accrued on the Loan for the preceding monthly

interest period, both prior to the maturity date of the Loan and, in the event of default, after

maturity.  (Ex. A § 1.2(a); see also Ex. B, § 1.1 (definition of "Interest Period" at p. 7).)

   13. Pursuant to Section 1.8 of the Carrying Costs Agreement, CPC and Kaupthing

are also required to pay all of Inbursa's costs and expenses incurred in the enforcement of the

Carrying Costs Agreement, including court costs and reasonable attorneys' fees.  (Ex. A §

1.8.)

   14. CPC's and Kaupthing's obligations under the Carrying Costs Agreement with

regard to the Covered Obligations are continuing, and will expire only on the earlier to occur

of (i) the lender's acquisition of the Property by means of foreclosure; (ii) the lender's

acquisition of the Property by means of a deed in lieu of foreclosure (i.e., a voluntary

transfer); or (iii) the repayment and discharge in full of all debts under the Loan Documents.

(Ex. A, § 1.2.)

## THE DEFAULT ON THE LOAN, AND INBURSA'S
## DEMAND FOR PAYMENT UNDER THE CARRYING COSTS AGREEMENT

   15. When the Loan matured on October 9, 2008, Lotus failed to make the required

payments.  On October 10, 2008, Inbursa sent a default notice to Lotus and its counsel,

informing them of an immediate event of default due to Lotus' failure to pay the outstanding

principal balance of the Loan.  (Ex. C, Letter from Banco Inbursa to Project Lotus LLC and

Jones Day, dated October 10, 2008.)  In addition, the letter notified Lotus that "[a]ll amounts

due and unpaid with respect to the Loan shall accrue interest at the Default Rate pursuant to

Section 2.2.5 of the Loan Agreement until such amounts are paid in full."  (Id.)

   16. On October 15, 2008, outside counsel for Inbursa sent a letter to Lotus

confirming the October 10 notice of default and providing various specific instructions

relating to the event of default.  (Ex. D, Letter from Skadden, Arps, Slate, Meagher & Flom

LLP ("Skadden") to Lotus, dated October 15, 2008.)

17.     Notwithstanding Inbursa's notification to Lotus of the event of default, to date,

Lotus has not paid the outstanding principal balance of the Loan, paid the outstanding

interest on the Loan, or covered certain other costs due and payable under the Loan

Agreement.

18.     On October 24, 2008, counsel for Inbursa notified CPC and Kaupthing of the

event of default, and advised them that Lotus' failure to timely perform its obligations under

the Loan Documents gave rise to joint and several liability for CPC and Kaupthing under the

Carrying Costs Agreement.  (Ex. E, Letter from Skadden to CPC and Kaupthing, dated

October 24, 2008.)  CPC's and Kaupthing's obligations under the Carrying Costs Agreement,

included, among other things:  (i) a Monthly Debt Service Payment in the amount of

$1,782,500.00 for the pre-maturity period from September 9, 2008 through and including

October 8, 2008, which was past due and immediately payable; (ii) a Monthly Debt Service

Payment in the amount of $2,494,262.15 for the period from October 9, 2008 through and

including November 8, 2008, due and payable on November 9, 2008; and (iii) Default Rate

interest accrued on all amounts due and unpaid, which, as of November 9, 2008, would total

$925,563.13. (Id.)

19.     The lender's counsel sent additional monthly payment notices to Lotus, CPC

and Kaupthing on December 12, 2008, January 15, 2009, February 17, 2009, March 10, 2009

and April 10, 2009.  (Ex. F – J, Monthly Notices and Payment Demands from Skadden to

Lotus, CPC and Kaupthing.)  In each of these notices, the lender advised Lotus, CPC and

Kaupthing of the amounts past due and immediately payable under the Loan Documents and

the Carrying Costs Agreement.  As of June 1, 2009, CPC and Kaupthing's debt service

obligations under the Carrying Costs Agreement totaled $13,421,524.70.

**CPC'S AND KAUPTHING'S**
**REFUSAL TO HONOR THEIR OBLIGATIONS**

20.     CPC and Kaupthing have refused to honor their obligations under the

Carrying Costs Agreement.  They have not paid the outstanding interest on the Loan, or

covered certain other costs due and payable under the Loan Agreement.  This constitutes a

clear breach of the express provisions of the Carrying Costs Agreement.

21.     Further, CPC has repeatedly made clear that it has more than sufficient funds

to pay the amounts it is responsible for under the Carrying Costs Agreement.  For example,

in a November 9, 2008, news article appearing in The Sunday Times, Christian Candy, a

founder and principal of CPC, boasted that his company's cash position was "beyond

outstanding." (Ex. K, The Sunday Times news article.)  The article goes on to note that

Christian Candy and his brother and business partner, Nick Candy, were replacing their $45

million yacht with a $63 million model.  (Id.)  The brothers have also recently spent millions

to buy a gold mine.  (Exhibit L, The Observer news article).  In a December 2008 news

article in The Guernsey Press, Christian Candy remarked, "We are in an excellent financial

position." (Ex. M, The Guernsey Press news article.)  In that same article, the company's

chief operating officer added, "We have a cash war chest of around £200 million and can

stand comfortably on the touchline and select the right opportunities." (Id.)

22.     Apparently, honoring its promises under the Carrying Costs Agreement is not

"the right opportunity" for CPC.  Despite repeated notices and demands for payment, CPC

has refused to pay the amounts it owes.  Rather, CPC has caused the lender to unnecessarily

7

waste time and incur additional expense by forcing the lender to file this lawsuit to enforce the promises CPC made.

## FIRST CAUSE OF ACTION
## (DECLARATION OF CONTRACTUAL RIGHTS)

23.     Inbursa repeats and realleges the foregoing paragraphs as if fully alleged herein.

24.     As a result of CPC's and Kaupthing's refusal to honor their express obligations under the Carrying Costs Agreement, there is an existing dispute between Inbursa and CPC and Kaupthing as to their respective rights and obligations under the Carrying Costs Agreement.

25.     Inbursa has been, and will continue to be, injured if CPC and Kaupthing persist in their failure to deliver the amounts due and payable.

26.     Inbursa is entitled to a declaration that CPC and Kaupthing are required to perform all of their obligations under the Carrying Costs Agreement until the earlier to occur of (i) the lender's acquisition of the Property by means of foreclosure; (ii) the lender's acquisition of the Property by means of a deed in lieu of foreclosure (i.e., a voluntary transfer); or (iii) the repayment and discharge in full of all debts under the Loan Documents.

27.     Declaratory relief is appropriate because there is an actual justiciable controversy between the parties of sufficient immediacy to justify the relief sought.

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

28.     Inbursa repeats and realleges the foregoing paragraphs as if fully alleged herein.

29.     As a result of CPC's and Kaupthing's refusals to honor their obligations, CPC and Kaupthing have each breached the Carrying Costs Agreement.

30.     As a result of CPC's and Kaupthing's breaches of contract, Plaintiff has been damaged in an amount, as of the time of filing of this action, in excess of $13,421,524.70, which amount continues to grow as accruing interest on the Loan and other expenses become due and go unpaid.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A.     Declaring that CPC and Kaupthing have breached their obligations under the Carrying Costs Agreement, and that such obligations will expire only on the earlier to occur of (i) the lender's acquisition of the Property by means of foreclosure; (ii) the lender's acquisition of the Property by means of a deed in lieu of foreclosure (i.e., a voluntary transfer); or (iii) the repayment and discharge in full of all debts under the Loan Documents;

B.     Awarding Plaintiff monetary damages in an amount to be later determined;

C.     Awarding Plaintiff their costs and disbursements, including court costs and reasonable attorneys' fees pursuant to Section 1.8 of the Carrying Costs Agreement; and

E.     Granting Plaintiff such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        June 2, 2009

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: Lauren E. Aguiar
Four Times Square
New York, New York  10036
212-735-3000
Lauren.Aguiar@skadden.com

Attorneys for Plaintiff

Of Counsel:

Harriet S. Posner
Thomas E. Haroldson
300 South Grand Avenue
Los Angeles, California 90071-3144
(213) 687-5000
Harriet.Posner@skadden.com
Thomas.Haroldson@skadden.com